

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# USA v. Kashner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Kashner" (2007). *2007 Decisions.* Paper 1184.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1530

_____

UNITED STATES OF AMERICA

v.

BRAD EDWARD KASHNER,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal Action No. 04-cr-00271-3
(Honorable James F. McClure, Jr.)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2007

Before: SCIRICA, *Chief Judge,* FUENTES, and ALARCÓN,[*] *Circuit Judges.*

(Filed April 30, 2007)

_____

OPINION OF THE COURT

_____

ALARCÓN, *Circuit Judge.*

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Brad Kashner appeals from the District Court's order sentencing him to 87 months of imprisonment, five years of supervised release, and a special assessment of $100. Mr. Kashner contends that the District Court erred in failing to depart downward from the Sentencing Guidelines sufficiently to credit him for his cooperation with the Government and to avoid sentencing disparities between him and his co-defendants. Mr. Kashner also contends that his sentence is unreasonable because the District Court failed to consider fully the factors set forth in 18 U.S.C. § 3553(a) and to account adequately for his minor role in the crime. We will affirm because we conclude that the District Court's sentencing decision was reasonable.

**I**

**A**

Beginning in January 13, 2003, Mr. Kashner's co-defendant William Neidig sent cash to another co-defendant, Gregory Jones in Seattle, who in turn purchased cocaine from his sources, including co-defendant Jeffrey Haggert in Los Angeles. The cocaine was shipped to Mr. Neidig's wholesale distributors in Pennsylvania, including Mr. Kashner. Mr. Kashner used his residence at 1319 West Pine Street, Coal Township, to receive the cocaine shipments. He subsequently sold the cocaine to other sellers and users of cocaine in Snyder and Northumberland Counties.

**B**

Mr. Kashner was arrested on August 18, 2004. On July 5, 2005, Mr. Kashner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Mr. Kashner's Presentence Report ("PSR") provided a total base offense level of 32 and a criminal history category II. Three points were subtracted from the base offense level for acceptance of responsibility. This produced a Sentencing Guideline range of 97 to 121 months.

While the federal charges were pending, Mr. Kashner was arrested and charged with driving under the influence of alcohol. Mr. Kashner pled guilty to this charge. This elevated his criminal history category to category III and increased the Sentencing Guideline range to 108 to 135 months.

The Government moved for a downward departure based on Mr. Kashner's substantial assistance to the Government, pursuant to U.S.S.G. § 5K1.1, and recommended a downward departure of one level. This recommendation would reduce Mr. Kashner's Sentencing Guideline range to 87 to 108 months. During the sentencing proceedings, the Government recommended a sentence of 108 months.

Mr. Kashner asked the District Court to consider a further departure because he had a minor role in the drug distribution scheme. The Government disagreed and explained that Mr. Kashner's role was not minor because he allowed his address to be utilized as a transit point for the cocaine. The District Court agreed with the

3

Government's argument. It denied a further departure because it found that Mr. Kashner's role was "average and certainly not substantially less culpable."

Mr. Kashner argued that he should receive the same six-level downward departure ordered for Mr. Jones and Messe Kosmer. The District Court disagreed with this argument because it found that Mr. Kashner waited too long before he began to cooperate with the Government. The Court then granted the Government's motions for a downward departure, further reduced Mr. Kashner's criminal history category to level II and sentenced Mr. Kashner to serve 87 months of imprisonment.

Mr. Kashner filed a timely notice of appeal on February 8, 2005. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1)-(2).

## II

### A

Mr. Kashner contends that the District Court erred by failing to depart downward sufficiently to account for the sentencing disparity between him and his co-defendants. This Court held in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006) that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) did not overrule the law of this Circuit that we lack the jurisdiction to review the extent of a downward departure. *Cooper*, 437 F.3d at 332-33.

**B**

Mr. Kashner also contends that his sentence is unreasonable because the District Court failed to account adequately for his minor role in the drug trafficking conspiracy and sufficiently credit his cooperation with the Government. A criminal sentence is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). "We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). "We review the District Court's factual findings for clear error, and the District Court's application of those facts to the Guidelines for an abuse of discretion." *Id.* (internal citations omitted).

District Courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 325-26 (3d Cir. 2006). The record must demonstrate that the District Court gave meaningful consideration to the factors listed in § 3553(a). *Id.* at 329. A trial court does not have "to discuss and make findings as to each of the § 3553(a) factors." *Id*. "On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." *Id.* (internal quotation marks and citation omitted). "[A]ppellants have the burden of demonstrating unreasonableness." *Id*. at 332.

5

Here, the District Court properly calculated Mr. Kashner's base offense level under the Sentencing Guidelines. It also stated that it "considered all seven factors set forth in 18 United States Code, section 3553(a)."

Mr. Kashner contends that the District Court should have credited him for the minor role he played in the conspiracy to distribute and possess cocaine. This Court has held that "the mere fact that a defendant was less culpable than his co-defendants does not entitle the defendant to 'minor participant' status as a matter of law." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001). During the sentencing proceedings, Mr. Kashner argued for a reduction in sentence based on his alleged minor role. The record shows that the District Court considered this argument. In rejecting it, the District Court credited the Government's argument that Mr. Kashner's role was not minor because he allowed his address to be utilized to receive numerous cocaine shipments. Mr. Kashner does not dispute this factual finding. He disagrees, however, with the District Court's conclusion that he was "pretty close to being the average and certainly not substantially less culpable than that." This conclusory assertion of disagreement without any factual support falls short of demonstrating clear error. *See United States v. Perez*, 280 F.3d 318, 352 (3d Cir. 2002) ("conclud[ing] that the District Court's findings as to [the Defendants's] roles in the conspiracy were not clearly erroneous, [because] [t]he Court analyzed their respective participation against that of each co-defendant and found that

6

each was no less culpable than any other, and therefore did not qualify for [a minor role] departure").

## C

Mr. Kashner also contends that the District Court should have given him additional credit for his assistance to the Government. The District Court considered this argument during sentencing. It rejected Mr. Kashner's argument. The District Court concluded that Mr. Kashner should have begun cooperating with the Government earlier in the process. The record demonstrates that the District Court gave meaningful consideration to the § 3553(a) factors. Mr. Kashner has failed to demonstrate that the District Court acted unreasonably in sentencing him.

For the foregoing reasons, we will affirm the judgment of the District Court.